J. Curtis Edmondson, CSB# 236105
Law Offices of J. Curtis Edmondson
Venture Commerce Center
3699 NW John Olsen Place
Hillsboro, OR 97124
Phone: 503-336-3749
Fax: 503-482-7418
Email: jcedmondson @edmolaw .com

Attorney for Defendant DOE X.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| Axel Braun, | ) Case No.: 4:12-cv-03690-YGR |
|---|---|
| Plaintiff, | ) DOE X's MOTION TO DISMISS FOR<br>) MISJOINDER AND/OR FOR A |
| vs. | ) PROTECTIVE ORDER |
| PRIMARY DISTRIBUTOR DOE NUMBER 1 and DEFENDANT DOES 2 through 69, | ) Hon. Yvonne G. Rogers |
| Defendants. | ) |

**TO ALL COUNSEL AND THEIR ATTORNEY'S OF RECORD:**

Pursuant to the Federal Rules of Civil Procedure and the inherent power of this Court, the Defendant DOE "X" does hereby move that this Court dismiss this case for misjoinder under FRCP Rule 19.

Further DOE "X" requests a protective order until Plaintiff sues each Defendant individually.

This motion will be based on this notice, the argument presented herein, and any oral argument.

DOE's X MOTION TO DISMISS FOR MISJOINDER AND/OR FOR A PROTECTIVE ORDER
Page 1

**SUMMARY**

Plaintiff Axel Braun has filed yet another "BitTorrent" case that seeks to bring a number of unrelated Defendants together, alleging infringement of pornographic films.

The first issue in this motion is Plaintiff's tactic of misjoinder in an effort to avoid paying a separate filing fee for each defendant. Plaintiff should be required pick one defendant in this matter. Fed. R. Civ. P. 19. This Court should dismiss the Complaint for misjoinder.

The second issue in this motion is a request for a protective order. There is no need for the ISP to disclose the identities of the DOES until the DOES are sued on an individual basis.

Defendant DOE X seeks the relief of dismissal and a protective order preventing the release of his or her name until Plaintiff names Defendant individually in this case.

**INTRODUCTION**

The business side of this case involves the use of mass joinder and the threat of litigation to extract settlements (typically $2-3K).  (See generally *Mick Haig Productions E.K. vs. DOES 1-670*, 5th Cir 11-10977, 7/12/2012).   See Exhibit A.  Mass joinder to make money is not a new concept in California.  The Trevor Law Group used a similar technique to extract settlements at the beginning of this century.  *People ex rel. Lockyer v. Brar*, 115 Cal. App. 4th 1315, 1316-1317 (Cal. App. 2004); see also *Molski v. Mandarin Touch Restaurant*, 347 F. Supp. 2d 860, 867 (C.D. Cal., 2004).

Plaintiff attempts to differentiate this lawsuit from the epidemic of BitTorrent lawsuits that have spread throughout the U.S. District Courts.  Plaintiff's novel arguments, however, serve only to hide the true nature of this case, which is essentially the same as all the others: to use the façade of copyright infringement to carry out an extra-judicial shakedown for pre-Complaint

settlements. See Exhibit B for an example settlement letter used by Plaintiff's counsel in prior litigation.

**1. The Court should dismiss Plaintiff's Complaint with leave to amend for improper joinder.**

The current standard for Bittorrent Cases is that the Plaintiff must proceed against each defendant individually. Fed. R. Civ. P. Rule 19. In *Patrick Collins v. Does 1-54*, No. 2:1-cv-01602; 2012 WL 911432 (D. Ariz. 2012), a BitTorrent copyright case like the instant matter, the court faced a situation where only two defendants remained in the action. The court, after a thorough discussion of the joinder rules, determined that the joinder of even two individuals based solely on the allegation that they participated in the same swarm was improper. The court's reasoning is persuasive. It stated that:

> "Plaintiff alleges that the two remaining Defendants 'participat[ed] in the BitTorrent swarm with other infringers' but does not claim that John Doe 6 provided data to the former John Doe 12 or vice versa. Plaintiff included as Defendants only those IP addresses from the swarm in question that were located in Arizona, demonstrating that the actions of the individual members of the swarm are easily distinguishable. Plaintiff alleges no facts that these two particular Defendants shared data with each other, and provides data instead that they were logged on to BitTorrent weeks apart." *Patrick Collins, Inc. v. Does 1-54*, 2012 WL 911432 at *5 (D. Ariz. 2012).

As in the Arizona Case, the Plaintiff's own exhibits show no commonality between the Defendant's acts of alleged infringement. (See Docket # 4-1, Exhibit A). Therefore Plaintiff's complaint should be dismissed with leave to amend to identify a single Defendant.

Misjoinder fails to promote trial convenience and expedition of the ultimate determination of the substantive issues in this case. See *Pac. Century Int'l*, 2011 U.S. Dist. LEXIS 124518, 2011 WL 5117424, at *3 (describing the "logistical nightmare" of joining 101

Doe defendants in such an action). Though the 69 Doe defendants may have engaged in similar behavior, they are likely to present different defenses. See *BMG Music v. Does 1-203*, No. Civ. A. 04-650, 2004 U.S. Dist. LEXIS 8457, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004). As one court noted,

> "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while Jon Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 10 could be thieves, just as Plaintiffs believe." Id.

**2. The Court should issue a protective order to protect the DOE identities until a proper suit is filed.**

Fed. R. Civ. P. 26(c)(1) allows a protective order to issue that protects a person from annoyance, embarrassment, oppression, or undue burden or expense. Requests for pseudonymity have been granted when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature. See *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). An allegation that an individual illegally downloaded adult entertainment likely goes to matters of a sensitive and highly personal nature. "[U]nder Rule 26(c), the Court may *sua sponte* grant a protective order for good cause shown." *McCoy v. Southwest Airlines Co., Inc.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). The Court issues the limited protective order described below because the ISP subscribers may be innocent third parties, the subject matter of the suit deals with sensitive and personal matters, and the jurisdictional and procedural complications might otherwise dissuade innocent third parties from contesting the allegations.

Here, as has been previously discussed by other courts in this district, the ISP subscribers may not be the individuals who infringed Axel Braun's copyright. See, e.g., Pac. *Century Int'l*, 2011 U.S. Dist. LEXIS 124518, 2011 WL 5117424, at *2; see also IO Group, Inc. v. Does 1-19,

No. C 10-03851 SI, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011) (granting the plaintiff additional time to identify and serve the true defendant where a subscriber asserted that he did not infringe plaintiff's work, suggesting that someone else used his IP address to infringe the plaintiff's work, and the plaintiff claimed that it needed to take third-party discovery from the subscriber to try to identify who actually used the subscriber's IP address to allegedly infringe the plaintiff's work).

Clearly, the privacy interests of innocent third parties weighs heavily against the public's interest in access to court documents.  See *Gardner v. Newsday, Inc.*, 895 F.2d 74, 79-80 (2d Cir. 1990).

The protective order is an equitable and fair way to allow Axel Braun to litigate their rights and for potentially innocent third parties to not have their names sullied.

**CONCLUSION**

This Court should dismiss this case for Misjoinder and issue an appropriate protective order protecting the identities of Primary Distributor Doe 1 and Defendant Does 2 through 69 and until individual lawsuits are filed.


Dated: October 29, 2012            /s/ J. Curtis Edmondson
                                   J. Curtis Edmondson
                                   Law Offices of J. Curtis Edmondson
                                   3699 NW John Olsen Place
                                   Hillsboro, OR 97124
                                   T: 503-336-3749
                                   F: 503-482-7418
                                   E: jcedmondson @edmolaw .com
                                   *Attorney for Defendant Doe X*

Declaration of J. Curtis Edmondson in the Motion to Dismiss and/or for a Protective Order

I., J. Curtis Edmondson, declare this to be true under penalty of perjury, pursuant to 28 U.S.C. 1746 on the date set forth at my signature below:

1. I am an attorney licensed to practice in the State of California and have been admitted to the bar of the Central District of California.  I am counsel of record in this matter.
2. I represent a defendant who resides in this judicial district.  This defendant is named "DOE X" to prevent his or her name from being associated with pornography.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this 29th day of October, 2012, at Hillsboro, Oregon.

/s/ J. Curtis Edmondson

Declarant