MOVANT IP 70.143.79.91
PRO SE

**Filed**

NOV 13 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| AXEL BRAUN, <br><br> Plaintiff. <br><br> v. <br><br> DOES 1-69, <br><br> Defendants, | Case No: 12-CV-03690 YGR (JSC) <br><br> **MOTION OF NONPARTY TO QUASH AND VACATE SUBPOENA** |

Movant ("Movant") respectfully requests that the Court quash and vacate the subpoena served upon AT&T Internet Services/Bell South/SBC to produce Movant's identifying information on the grounds of improper joinder, because the connection between an IP address and Movant is speculative; because of undue burden, and in the interests of justice.

### PERTINENT FACTS AND PROCEDURAL HISTORY

On or about October 15, 2012, Movant received a letter from AT&T Internet Services that advised Movant s/he had 30 days to object to the production of his/her personal identifying information.

The complaint, filed by law firm D. Gill Sperlein on behalf of Axel Braun alleged that 69 doe defendants wantonly joined in a civil conspiracy to illegally download "Star Wars XXX – A Paroldy" through a file sharing protocol called "BitTorrent."

During the time of the purported download, Movant's wi fi internet signal was hacked by unknown persons. It was not until July, 2012, that Movant's wi fi internet signal was secured.

Movant was not involved in any conspiracy to download any file off the Internet. The complaint alleged that someone using Movant's IP address participated from April 1-2, 2012, with 68 other individuals, as agent, servant, co-venturer, and representative of each to exchange "pieces of the file" from the "primary distributor doe defendant no. 1." Complaint, para. 2, 3, 14, 24.

The complaint lacked any allegation of what Movant did in San Jose, CA, when s/he did anything to allegedly further this conspiracy, or precisely what Movant allegedly downloaded.

## I. MOVANT'S ANONYMITY IS ENTITLED TO PROTECTION

This is but another instance of scores of identical lawsuits that improperly invoke copyright law to collect private information in order to strong arm settlements.

As one judge from this Court observed "[i]f all the concerns about these mass Doe lawsuits are true, it appears that the copyright laws are being used as part of a massive collection scheme and not to promote useful arts." *On the Cheap, LLC v. Does 1-5,011,* No. 10-cv-4472 (N.D. Cal. 2010), Order Severing Doe Defendants 1-16 and 18-5011.

The goal of these mass lawsuits is not to enforce copyright violations as much as it is to publically shame registrants of IP addresses to strong-arm settlements.

As one judge from the Central District of California observed about these mass cases, ". . . the federal judiciary is being used as a hammer by a small group of plaintiffs to pound settlements out of unrepresented defendants." *Elektra Ent. Group, Inc. et al. v. O'Brien,* 06-cv-5289 Docket No. 12 (C.D. Cal. 2007).

Lost amidst this campaign of "deterrence" is the consequence that innocent people will have their identities wrongfully associated with cases filed by adult film distributors. Once exposed, that undeserved harm cannot be undone.

An order to compel production of one's identity threatens the exercise of fundamental rights, and is "subject to the closest scrutiny." *NAACP v. Alabama*, 357 U.S. 449, 461 (1958); *Bates v. City of Little Rock*, 361 U.S. 516, 524 (1960). The Ninth Circuit has warned that "[t]he subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a great responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004).

An October 5, 2011, Order severing all but one doe defendant in an identical mass copyright lawsuit noted that "[t]he course of conduct indicates that the plaintiffs have used the offices of the Court as an inexpensive means to gain the Doe defendants' personal information and coerce payment from them. The plaintiffs seemingly have no interest in actually litigating the cases, but rather simply have used the Court and its subpoena powers to obtain sufficient information to shake down the John Does." *K-Beech, Inc. v. John Does 1-85*, No. 11-cv-469 (E.D. VA 2011), Memorandum Order, p. 4.

Here, if the Court does not quash plaintiff's subpoena for Movant's identity, an innocent person will be irreparably injured because once Movant's anonymity is lost, it cannot be recovered.

## II. JOINDER OF MOVANT WAS IMPROPER

Here, joinder of Movant was improper because s/he is one of 69 IP addresses used by unknown individuals to allegedly commit acts at different times and places, each with unique computer network configurations, unique computer hardware, unique computer usage, and through different internet service providers. This hardly depicts a common conspiracy.

Joinder of parties is only proper, under Fed. Rule of Civ. Proc. Rule 20(a)(2), when a right to relief arises out of "the same transaction, occurrence or series of transactions or occurrences and (B) any question of law or fact common to all defendants will arise in the action."

Attempts to join numerous defendants in a single action for copyright infringement over person-to-person networks historically have failed. See *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. FL 2004); *Elektra Ent. Group, Inc. v. Does 1-9*, 2004 WL 2095581 (S.D. NY 2004).

This Court previously held, in copyright infringement cases involving large numbers of doe defendants, that "no factual allegations to support the assertion that the Doe defendants are connected to the same transaction, occurrence or series of transactions or occurrences, or any facts that show they specifically acted in concert," justified severance of the doe defendants. *Io Group, Inc. v. Does 1-435*, No. 10-cv-4382, 2011 WL 445043 at *3 (N.D. CA 2010).

Under Fed. Rule of Civ. Proc. Rule 20(b), this Court may sever claims or parties to avoid prejudice and assure fairness to both sides. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000).

Here, there is no greater prejudice and unfairness than compelling disclosure of an innocent person's identity and private Internet computer usage. "Knowledge of the media access control address ("MAC"), in conjunction with the associated Internet Protocol ("IP") address, allows a party to monitor internet communications and to track internet activity from the specific computer." Decl. of Gary Hoenig In Support of Doe Defendant Jane Doe's Motion to Quash Subpoena to Comcast, *Hard Drive Productions v. Does 1-166*, No. 11-cv-03682 (N.D. Cal. 2011), para. 2, p. 2,

In an identical case to this one, this Court's Judge Spero painstakingly analyzed joinder case law before and after the BitTorrent technology, and found "the court remains unpersuaded that the peer-to-peer architecture of the BitTorrent technology justifies the joinder of otherwise unrelated defendants in a single action." *Hard Drive Productions, Inc. v. Does 1-188*, 11-cv-01566 (N.D. Cal. 2011), Order, August 23, 2011.

Judge Spero found that "merely infringing the same copyrighted work over this period [is] not enough," and that "each defendant also will likely have a different defense," quoting language from *BMG Music v. Does 1-203*, 2004 WL 953888 (E.D. Pa 2004) *Id.*

Judge Spero held that the 188 doe defendants did not participate in the same transaction or occurrence, or the same series of transactions or occurrences, and that their joinder was improper under Rule 20(a). As a result, all doe defendants except one, was severed and dismissed in order to avoid prejudice and unfairness to the doe defendants, and in the interest of justice. The motion to quash in the *Hard Drive* case was granted. *Id.*

This case is identical to the *Hard Drive* case, with conclusory allegations of multiple doe defendants using the BitTorrent protocol over multiple ISPs covering two days' time. These same circumstances led to recent decisions from this Court that severely restricted requests for expedited discovery. See *AF Holdings LLC v. Does 1-97*, 11-cv-03067 (N.D. Cal. 2011); *Hard Drive Productions, Inc. v. Does 1-58*, 11-cv-02537 (N.D. Cal. 2011).

In one recent case, this Court's Judge Zimmerman found that 5,000 doe defendants were improperly joined because the allegation of downloading the same file did not establish each doe defendant was engaged in the same transaction or occurrence. *On the Cheap, LLC v. Does 1-5011*, 10-cv-4472 (N.D. Cal. 2010), Order Severing Doe Defendants 1-16 and 18-5011, Sept. 6, 2011. On September 12, 2011, Judge Zimmerman ordered plaintiff's subpoenas quashed. Order, Sept. 12, 2011.

Here, Movant was improperly joined with 68 other IP addresses where individuals purportedly acted over a period of 2 days through different ISPs each with unique computer usage, to download an unspecified portion of file or files.

Here, there is no unifying common question of fact to 69 unique defenses, and no common action shared by 69 IP addresses spread over two days' time. Moreover, there is no connection between Movant's IP address and Movant, as it relates to the alleged downloading.

"The mere allegation that defendants have used the same peer-to-peer network to infringe a copyrighted work is insufficient to meet the standards for joinder set forth in Rule 20." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997); accord, this Court's Judge Donna Ryu, *Pacific Century Intl Ltd. v. Does 1-101*, No. 11-CV-2533 (N.D. CA 2011), severing doe defendants 2-100 for misjoinder.

As Judge Milton Shadur wrote, when dismissing 300 doe defendants and quashing a subpoena in an identical case as here, ". . .there is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and—more importantly—as to whom CP's counsel [Steele Hansmeier] could readily have ascertained that fact. . .No predicate has been shown for thus combining 300 separate actions on the cheap—if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350." Feb. 24, 2011 Memorandum Opinion and Order, *CP Productions, Inc. v. Does 1-300*, No. 10-cv-6255 (E.D. IL. 2010).

As a result of over-reaching misjoinder, plaintiff's subpoena should be quashed and vacated

### III. THE CONNECTION BETWEEN MOVANT AND AN IP ADDRESS IS SPECULATIVE

Here, plaintiff asks this Court to equate an IP address with a flesh-and-blood person, Movant, in order to obtain Movant's identity, to then shake-down for settlement, without an iota of proof that Movant participated at all in the alleged illegal downloads.

It is the very epitome of hypocrisy to seek Movant's personal identifying information in this case when in an identical case it was admitted that "[w]hile Plaintiff has the identifying information of the subscriber, this does not tell Plaintiff who illegally downloaded Plaintiff's works, or who Plaintiff will name as the Defendant in this case. It could be the Subscriber, or another member of his household, or any number of other individuals who had direct access to Subscribers (sic) network." Plaintiff's Case Management Conference Statement, *Boy Racer, Inc. v. Doe*, No. 11-cv-02329 PSG, (N.D. Cal. 2011), p. 2.

IP address tracing is not equivalent to scientific DNA testing or fingerprint technology. There is no certainty of the identity of users of an internet network at any time, or whether the wi fi signal was intercepted by an unauthorized user or hacked by a criminal

A recent study found that "[t]he main weakness in current methods of detecting copyright infringement in BitTorrent appears to be the treatment of indirect reports as conclusive evidence of participation . . .the use of indirect reports exposes monitoring agents and innocent users to attacks from malicious users attempting to implicate others. . . Our experiments confirm that a malicious user can implicate arbitrary IPs in illegal sharing today. . .The potential for false positives and implication of arbitrary addresses undermines the credibility of monitoring and creates a significant inconvenience for misidentified users." "Challenges and Directions for Monitoring P2P File Sharing Networks," by Michael Piatek, et al, Univ. of Wash. Dept. of Computer Science & Engineering.

"But in many situations, an IP address isn't personally identifying at all . . An IP address alone is not probable cause that a person has committed a crime. . . [I]t is nothing more than a piece of information."' Electronic Frontier Foundation, "Why IP Addresses Alone Don't Identify Criminals," by Marcia Hofmann, Aug. 24, 2011.

"With a $50 wireless antenna and the right software, a criminal hacker located outside your building as far as a mile away can capture passwords, email messages and other [information]." CNET, "The Unvarnished Truth About Unsecured Wi-Fi," by Elinor Mills, Nov. 1, 2010.

For the reason that the connection between Movant and an IP address is speculative, the Court should quash and vacate plaintiff's subpoena.

IV.   **THE SUBPOENA PLACES AN UNDUE BURDEN ON MOVANT**

The Fed. Rules of Civ. Proc., Rule 45(c)(3)(ii) & (iii), require that a subpoena be quashed when undue burden is placed on a movant. Here, Movant resides more than 45 miles from Oakland, CA, therefore imposing a special burden to appear and defend him/herself.

Moreover, this subpoena requires Movant to reveal his/her identity, which is protected from discovery by, among other sources, the California Constitution's right of privacy. Cal. Constn. Article 1, sec. 1.

### A. This Case is Improperly Venued Here Against Movant

Here, plaintiff's complaint justified venue in this division of the Court by conclusory allegations. No factual details were alleged.

Here, it is undisputed that Movant neither resides nor is "found" in the Oakland judicial district. Movant resides in San Jose, CA. Therefore, plaintiff's inclusion of Movant in this case filed violated the venue requirement for copyright actions. 28 U.S.C. sec. 1400(a).

Plaintiff failed to allege any contacts Movant had with the Court's Oakland or San Francisco divisions, nor did it allege any intentional act committed by Movant here. As a result, venue for this action against Movant fails. *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1129-1131 (9th Cir. 2010)(applying *Calder v. Jones*, 465 U.S. 783 (1984).

For the reason that the subpoena places an undue burden on Movant, the subpoena should be quashed and vacated.

### CONCLUSION

For the above-stated reasons, and in the interests of justice, Movant respectfully requests the Court to quash plaintiff's subpoena so that his/her anonymous identity is not revealed and his/her communications are protected from unwarranted disclosure, because s/he was improperly joined in this action, because venue was improper, and because the subpoena places an undue burden on Movant.

Dated: 11/13/12  IP 70.143.79.91

MOVANT IP70.143.79.91