IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXEL BRAUN,<br><br>            Plaintiff,<br><br>    v.<br><br>PRIMARY DISTRIBUTOR DOE NUMBER 1 AND DEFENDANT DOES 2 THROUGH 69,<br><br>            Defendants. | Case No.: 12-3690 YGR (JSC)<br><br>**ORDER DENYING MOTION TO QUASH OR MODIFY SUBPOENA IP ADDRESS 68.5.250.138 (Dkt. No. 15)** |

      Plaintiff Axel Braun ("Braun") sued Sixty-Nine Doe Defendants for copyright infringement. After receiving an order from the Court, Plaintiff served subpoenas on several Internet Service Providers ("ISPs"), seeking identifying information about certain subscribers who, according to Plaintiff's allegations, used their Internet access to violate Plaintiff's copyright. One of the subscribers, while identifying him, her, or itself with the Internet Protocol ("IP") address 68.5.250.138, has filed a Motion to Quash or Modify Subpoena ("Motion"). (Dkt. No. 15.) For the reasons explained below, Defendant's Motion is DENIED.

**BACKGROUND**

Plaintiff is an individual doing business as Axel Braun Productions, which produces adult entertainment products. (Dkt. No. 1 at ¶¶ 9-10.) Plaintiff is the co-producer and co-claimant of the copyright for the contested motion picture: *Star Wars XXX: A Porn Parody* (the "Motion Picture"). (Dkt. No. 1 at ¶ 32.) This film was registered by Plaintiff with the Copyright Office and assigned the registration number PA 1-787-699. (Dkt. No. 1 at ¶ 32.)

Plaintiff alleges that Primary Distributor Doe Number One and Does Two through Sixty-Nine (collectively "Defendants") used BitTorrent, an Internet peer-to-peer ("P2P") file sharing network, to illegally reproduce and distribute Plaintiff's copyrighted work in violation of the Copyright Act, 17 U.S.C. § 101 et seq. (Dkt. No. 1 at ¶¶ 33-34.) Plaintiff further alleges that by using the BitTorrent program to download and distribute Plaintiff's content, Primary Distributor Doe Number One engaged in contributory infringement, and all Defendants are jointly and severally liable for Plaintiff's injuries. (Dkt. No. 1 at ¶¶ 44-45.)

Plaintiff engaged the services of Media Protector International GmbH ("MPI"), a company specializing in P2P content detection and user identification, to locate and document the alleged infringing copies of his copyrighted Motion Picture on BitTorrent networks. (Dkt. No. 4, p. 7:4-9.) MPI was able to identify and document IP addresses from which individuals connected to the Internet, as well as the date and time the individuals used the IP addresses to share files on the P2P network. (Dkt. No. 4, p. 11:1-12.) Because the Defendants' conduct occurred behind the mask of their anonymous IP addresses, Plaintiff could not identify the Defendants without leave to subpoena Defendants' ISPs for the identity of the individual or entity related to each IP address. Plaintiff thus filed an *ex parte* Application for Leave to Take Early Discovery ("Application") with this Court on July 20, 2012, pursuant to Rule 26(d). Plaintiff sought leave to serve Rule 45 third-party subpoenas on the Does 1-69's ISPs so as to uncover the identities of the Doe Defendants. (Dkt. No. 4.)

This Court granted Plaintiff's Application on August 21, 2012, finding that there was good cause in permitting early discovery to uncover the identities of the Doe Defendants (Dkt. No. 7.) The order gave the ISPs twenty days from the date of service upon it to serve Does 1-69

2

1 with a copy of the subpoena and a copy of the order. (Dkt. No. 7, p. 7:23-24.) Does 1-69 had
2 thirty days from the date of service upon him, her, or it, to file any motions in this Court
3 contesting the subpoena. (Dkt. No. 7, p. 7:27-28.)

4 Plaintiff subpoenaed subscriber information from the various ISPs. (Dkt. No. 10, p. 2:1-
5 2.)[1] Defendant John Doe at IP address 68.5.250.138 filed the underlying Motion and seeks to
6 prevent his, her, or its identity from being revealed in this suit. (Dkt. No. 15.) Plaintiff opposes
7 the Motion to Quash or Modify Subpoena ("Opposition"). (Dkt. No. 17.)

## LEGAL STANDARD

9 Under the Federal Rules of Civil Procedure, a party may discover any matter relevant to
10 a claim or defense. Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad
11 and "need not be admissible at the trial if the discovery appears reasonably calculated to lead to
12 the discovery of admissible evidence." *Id.* Nevertheless, there are circumstances in which a
13 court issuing the subpoena must or may modify or quash a subpoena.

14 First, the issuing court *must* modify or quash the subpoena when a timely motion is filed
15 and the subpoena does not allow reasonable time to comply, requires a non-party nor a party's
16 officer to travel more than 100 miles, requires disclosure of privileged or other protected
17 matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). Second, the issuing
18 court *may* modify or quash when the subpoena requires disclosure of a trade secret or other
19 confidential information, disclosure of an unretained expert's opinion or information that does
20 not describe disputed occurrences and results from a study not requested by a party, or if a
21 non-party will have to incur substantial expense to travel more than 100 miles to attend trial.
22 Fed. R. Civ. P. 45(c)(3)(B).

23 Further, upon a motion for a protective order and a showing of good cause, the court
24 may limit the scope of discovery "to protect a party or person from annoyance, embarrassment,
25 oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party or person seeking to
26 limit its disclosures through a protective order has the burden of showing good cause.
27 *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The burden cannot be met by

---

[1] Plaintiff does not state the date of the subpoena.

3

1 conclusory statements, but it must make a particular and specific need for a protective order.
2 *Methode Electronics, Inc. v. Finisar Corp.,* 205 F.R.D. 552, 554 (N.D. Cal. 2001). Finally, even
3 where "good cause" is established, a court should balance the interests in allowing discovery
4 against the relative burdens that would be imposed. *Hard Drive Productions, Inc. v. Does 1-118*,
5 No. 11-01567, 2011 WL 5416193, at *2 (N.D. Cal. Nov. 8, 2011) (citing *Wood v. McEwen*, 644
6 F.2d 797, 801-02 (9th Cir. 1981)).

## DISCUSSION

The Doe Defendant challenges Plaintiff's subpoena on two grounds, both of which focus on joinder. Defendant first argues that the 69 doe defendants in this action are improperly joined because joinder is based on entirely disparate alleged acts. (Dkt. No. 15, p. 3.) Second, Defendant argues that joining 69 defendants creates a risk of unfairness and denies individual justice as to the Doe Defendants. (Dkt. No. 15, p. 4.)

Defendant has not established that quashing is warranted. The subpoena at issue does not meet any of the circumstances described in Rule 45(c)(3)(A) or (B). The subpoena did not allow for an unreasonable time to comply, require a non-party to travel more than 100 miles, require disclosure of privileged or other protected matter, or subject the Doe Defendants to undue burden. Further, the information subpoenaed is not a trade secret or otherwise confidential in nature and is not an unretained expert's opinion, and finally, none of the Doe Defendants are required to travel under this subpoena. The subpoena is a production of documents from the Doe Defendants' respective ISPs that would sufficiently identify the Doe Defendants in this action. Thus, the Motion does not set forth a reason by which this Court should quash or modify the subpoena at issue. Fed. R. Civ. P. 45(c)(3)(A);(B).

Further, the sole basis Defendant offers for challenging the subpoenas – improper joinder – was already considered by this Court. In granting Plaintiff leave to take early discovery, this Court concluded that the Plaintiff made a prima facie showing that the Doe Defendants are properly joined. (Dkt. No. 7, p. 6:1-2.) To the extent that any of the Defendants

here contend that joinder is improper, they can move to sever, but it is not a proper basis for a motion to quash or modify the subpoena under Rule 45(c)(3). Fed. R. Civ. P. 45(c)(3).[2]

The Court is not persuaded by those BitTorrent cases in which a court quashed a subpoena based on improper joinder. In *Hard Drive Productions, Inc. v. Does 1-188*, the court severed and dismissed all defendants except one based on improper joinder; the court then quashed the subpoenas because the defendants had been dismissed. *Hard Drive Productions, Inc. v. Does 1-188*, 809 F.Supp.2d 1150, 1163-64 (N.D. Cal. 2011). Here, in contrast, this Court considered whether joinder was proper before it granted the order for early discovery. As the Court declines to reconsider its joinder determination at this time, there is no basis for quashing the subpoena. *See New Sensations, Inc. v. Does 1-1745*, No. 10-5863, 2011 WL 2837610, at *2 (N.D. Cal. Jul. 18, 2011) (denying motion to quash subpoena based on improper joinder where court had previously considered joinder in connection with the motion for early discovery).

The Court might find, as the case progresses, that the Doe Defendants are improperly joined; however, at this stage in the litigation, the Court declines to revisit its determination that joinder is proper. As the motion to quash was based entirely on the improper joinder argument, the motion must be denied.

## CONCLUSION

For the reasons explained above, Defendant's Motion to Quash or Modify the Subpoena to IP Address 68.5.250.138 is DENIED. (Dkt. No. 15.)

As the moving Doe Defendant is unrepresented, Defendant may contact the Federal Legal Assistance Self-Help Center, 280 South First Street, 4th Floor, Room 4093 and 4095, San Jose California, (408) 297-1480 (telephone) for assistance regarding his/her claim.

**IT IS SO ORDERED.**

---

[2] While federal courts can liberally recharacterize a *pro se* litigant's motion, the Court in this instance will not recharacterize the Defendant's Motion as a motion to sever. *See Castro v. United States*, 540 U.S. 375, 381-84 (2003) (stating that federal courts should be liberal in its construction of a *pro se* litigant's motion, and may even "ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). Even if this Court were to recharacterize the Motion as a motion to sever, the issue of joinder has been considered and determined to be proper at the pleading stage.

Dated: November 19, 2012

*Jacqueline S. Corley*
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE