1
2
3
4
5
6
7
8                  IN THE UNITED STATES DISTRICT COURT
9              FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11
12

United States District Court
Northern District of California

13   AXEL BRAUN,                              Case No.: 12-3690 YGR (JSC)

14                    Plaintiff,              **ORDER DENYING MOTION TO QUASH
                                              OR MODIFY SUBPOENA IP ADDRESS**
15        v.                                  **70.143.79.91  (Dkt. No. 18)**

16
17   PRIMARY DISTRIBUTOR DOE NUMBER
     1 AND DEFENDANT DOES 2 THROUGH
18   69,

19                    Defendants.
20

21

22        Plaintiff Axel Braun ("Braun") sued Sixty-Nine Doe Defendants for copyright infringement.

23   After receiving an order from the Court, Plaintiff served subpoenas on several Internet Service

24   Providers ("ISPs"), seeking identifying information about certain subscribers who, according to

25   Plaintiff's allegations, used their Internet access to violate Plaintiff's copyright. One of the

26   subscribers, while identifying him, her, or itself with the Internet Protocol ("IP") address

27   70.143.79.91, has filed a Motion to Quash or Modify Subpoena ("Motion"). (Dkt. No. 18.) For the

28   reasons explained below, Defendant's Motion is DENIED.

**BACKGROUND**

Plaintiff is an individual doing business as Axel Braun Productions, which produces adult entertainment products. (Dkt. No. 1 at ¶¶ 9-10.) Plaintiff is the co-producer and co-claimant of the copyright for the contested motion picture: *Star Wars XXX: A Porn Parody* (the "Motion Picture"). (Dkt. No. 1 at ¶ 32.) This film was registered by Plaintiff with the Copyright Office and assigned the registration number PA 1-787-699. (Dkt. No. 1 at ¶ 32.)

Plaintiff alleges that Primary Distributor Doe Number One and Does Two through Sixty-Nine (collectively "Defendants") used BitTorrent, an Internet peer-to-peer ("P2P") file sharing network, to illegally reproduce and distribute Plaintiff's copyrighted work in violation of the Copyright Act, 17 U.S.C. § 101 et seq. (Dkt. No. 1 at ¶¶ 33-34.) Plaintiff further alleges that by using the BitTorrent program to download and distribute Plaintiff's content, Primary Distributor Doe Number One engaged in contributory infringement, and all Defendants are jointly and severally liable for Plaintiff's injuries. (Dkt. No. 1 at ¶¶ 44-45.)

Plaintiff engaged the services of Media Protector International GmbH ("MPI"), a company specializing in P2P content detection and user identification, to locate and document the alleged infringing copies of his copyrighted Motion Picture on BitTorrent networks. (Dkt. No. 4, p. 7:4-9.) MPI was able to identify and document IP addresses from which individuals connected to the Internet, as well as the date and time the individuals used the IP addresses to share files on the P2P network. (Dkt. No. 4, p. 11:1-12.) Because the Defendants' conduct occurred behind the mask of their anonymous IP addresses, Plaintiff could not identify the Defendants without leave to subpoena Defendants' ISPs for the identity of the individual or entity related to each IP address. Plaintiff thus filed an *ex parte* Application for Leave to Take Early Discovery ("Application") with this Court on July 20, 2012, pursuant to Rule 26(d). Plaintiff sought leave to serve Rule 45 third-party subpoenas on the Does 1-69's ISPs so as to uncover the identities of the Doe Defendants. (Dkt. No. 4.)

This Court granted Plaintiff's Application on August 21, 2012, finding that there was good cause to permit early discovery to uncover the identities of the Doe Defendants (Dkt. No. 7.) The order gave the ISPs 20 days from the date of service upon it to serve Does 1-69 with a copy of the subpoena and a copy of the Order. (Dkt. No. 7, p. 7:23-24.) Does 1-69 had 30 days from the date of

United States District Court
Northern District of California

2

service upon him, her, or it, to file any motions in this Court contesting the subpoena. (Dkt. No. 7, p. 7:27-28.)

Plaintiff subpoenaed subscriber information from the various ISPs. (Dkt. No. 10, p. 2:1-2.)[1] Defendant John Doe at IP address 70.143.79.91 filed the underlying Motion on November 13, 2012, and seeks to prevent his, her, or its identity from being revealed in this suit. Defendant denies violating Plaintiff's copyright and contends that during the time of the alleged illegal download Defendant's "wi fi internet signal was hacked by unknown persons." (Dkt. No. 18 at 2.) Plaintiff opposed this Motion on November 27, 2012. (Dkt. No. 24.)

### LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party may discover any matter relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad and "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Nevertheless, there are circumstances in which a court issuing the subpoena must or may modify or quash a subpoena.

First, the issuing court *must* modify or quash the subpoena when a timely motion is filed and the subpoena does not allow reasonable time to comply, requires a non-party nor a party's officer to travel more than 100 miles, requires disclosure of privileged or other protected matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A). Second, the issuing court *may* modify or quash when the subpoena requires disclosure of a trade secret or other confidential information, disclosure of an unretained expert's opinion or information that does not describe disputed occurrences and results from a study not requested by a party, or if a non-party will have to incur substantial expense to travel more than 100 miles to attend trial. Fed. R. Civ. P. 45(c)(3)(B).

Further, upon a motion for a protective order and a showing of good cause, the court may limit the scope of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party or person seeking to limit its disclosures through a protective order has the burden of showing good cause. *Blankenship v.*

---

[1] Plaintiff subpoenaed this particular ISP on August 22 or 23, 2012. (Dkt. Nos. 24, p. 2:9-12; No. 24-1 at ¶ 2.)

United States District Court
Northern District of California

1    *Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The burden cannot be met by conclusory statements,

2    but it must make a particular and specific need for a protective order. *Methode Electronics, Inc. v.*

3    *Finisar Corp.,* 205 F.R.D. 552, 554 (N.D. Cal. 2001). Finally, even where "good cause" is

4    established, a court should balance the interests in allowing discovery against the relative burdens that

5    would be imposed. *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-01567, 2011 WL 5416193, at

6    *2 (N.D. Cal. Nov. 8, 2011) (citing *Wood v. McEwen*, 644 F.2d 797, 801-02 (9th Cir. 1981)).

### DISCUSSION

8    The Doe Defendant challenges Plaintiff's subpoena on several grounds. Defendant first argues

9    that his, her, or its anonymity is entitled to protection. (Dkt. No. 18, p. 2-3.) Second, Defendant

10   contends that the 69 doe defendants in this action are improperly joined because the joinder is based

11   on entirely disparate alleged acts, and that misjoinder creates a risk of unfairness and prejudices the

12   Doe Defendants. (Dkt. No. 1, p. 3-6.) Third, Defendant argues that IP address tracing technology is

13   unreliable, making the link between the IP address and the Doe Defendants speculative. (Dkt. No. 18,

14   p. 6-7.) Finally, Defendant argues that the subpoena places an undue burden on the Defendant because

15   he or she would be required to travel 45 miles to defend the action, and because the subpoena would

16   reveal the Defendant's identity protected by the California Constitution. (Dkt. No. 18, p. 7.)

17   Defendant also argues that it is an undue burden because venue is improper in this district as

18   Defendant resides in San Jose and therefore cannot be found and does not reside in the Oakland

19   judicial district. (Dkt. No. 18, p. 8.) The Court shall address each argument in turn.

20   **A. Doe Defendant's Right to Anonymity**

21   Defendant's assertion of a right to anonymity is unpersuasive. Although anonymous speech is

22   protected by the First Amendment, *see McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342

23   (1995), "[w]here anonymous speech is alleged to be unlawful, the speaker's right to remain

24   anonymous may give way to a plaintiff's need to discover the speaker's identity in order to pursue its

25   claim." *Art of Living Foundation v. Does 1-10*, 2011 WL 5444622 *  (N.D. Cal. Nov. 9, 2011). "A

26   person who uses the Internet to download or distribute copyrighted music without permission is

27   engaging in the exercise of speech, but only to a limited extent, and the First Amendment does not

28   protect the person's identity from disclosure. *UMG Recordings, Inc. v. Does 1-4*, No. 06-0652, 2006

WL 1343597, at *2 (N. D. Cal. Mar. 6, 2006) (citing *Sony Music Entm't, Inc. v. Does 1-40*, 326 F.Supp.2d 556, 558 (S.D.N.Y. 2004)); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) ("finding that "to the extent that anonymity is used to mask copyright infringement or to facilitate such infringement by other persons, it is unprotected by the First Amendment").

Moreover, the Court weighed whether there was good cause to allow discovery of the anonymous Doe Defendants when it granted leave to conduct early discovery.  (Dkt. No. 7 at pp. 3-7.) The Court found that Plaintiff satisfied the four factor test set forth in *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal 1999). *Id.* (examining whether (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible).

Accordingly, the Court has balanced the competing interests of Plaintiff's right to copyright protection and the Doe Defendants' First Amendment right to anonymity, and concludes that "people are permitted to interact pseudonymously and anonymously with each other [online] so long as those acts are not in violation of the law" such that Plaintiff is entitled to discover the identities of those individuals it alleges violated its copyright. *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999).

**B.  The Joinder Issue**

Defendant's second and most extensive argument – improper joinder – was also already considered by this Court. In granting Plaintiff leave to take early discovery, this Court concluded that Plaintiff made a prima facie showing that the Doe Defendants are properly joined. (Dkt. No. 7, p. 6:1-2.) To the extent that any of the Defendants here contend that joinder is improper, they can move to

United States District Court
Northern District of California

1    sever, but it is not a proper basis for a motion to quash or modify the subpoena under Rule 45(c)(3).

2    Fed. R. Civ. P. 45(c)(3).[2]

3         The Court is not persuaded by those BitTorrent cases in which a court quashed a subpoena

4    based on improper joinder. In *Hard Drive Productions, Inc. v. Does 1-188*, the court severed and

5    dismissed all defendants except one based on improper joinder; the court then quashed the subpoenas

6    because the defendants had been dismissed. *Hard Drive Productions, Inc. v. Does 1-188*, 809

7    F.Supp.2d 1150, 1163-64 (N.D. Cal. 2011). Here, in contrast, this Court considered whether joinder

8    was proper before it granted the order for early discovery. As the Court declines to reconsider its

9    joinder determination at this time, there is no basis for quashing the subpoena. *See New Sensations,*

10   *Inc. v. Does 1-1745*, No. 10-5863, 2011 WL 2837610, at *2 (N.D. Cal. Jul. 18, 2011) (denying motion

11   to quash subpoena based on improper joinder where court had previously considered joinder in

12   connection with the motion for early discovery). The Court might find, as the case progresses, that the

13   Doe Defendants are improperly joined; however, at this stage in the litigation, the Court declines to

14   revisit its determination that joinder is proper.

15        **C.  Reliability of IP Tracing Technology**

16        Defendant next argues that because IP address tracing technology is unreliable, it is wholly

17   speculative as to whether Defendant (or, more precisely, Defendant's internet connection) engaged in

18   copyright infringement.  Courts in similar cases have recognized that this argument is premature at

19   the pleading stage. *See*, *e.g.*, *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-1567, 2011 WL

20   5416193, at *4 (N. D. Cal. Nov. 8, 2011) (denying defendant's motion to quash subpoena, finding

21   that "while these arguments may have merit, they are for another day."); *MCGIP, LLC v. Does 1-18,*

22   No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. Jun. 2, 2011) (finding that a general denial of

23   engaging in copyright infringement is not a basis for quashing a subpoena and that the merits of the

---

24   [2] While federal courts can liberally recharacterize a *pro se* litigant's motion, the Court in this instance
25   will not recharacterize the Defendant's Motion as a motion to sever. *See Castro v. United States*, 540
     U.S. 375, 381-84 (2003) (stating that federal courts should be liberal in its construction of a *pro se*
26   litigant's motion, and may even "ignore the legal label that a pro se litigant attaches to a motion and
     recharacterize the motion in order to place it within a different legal category."). Even if this Court
27   were to recharacterize the Motion as a motion to sever, the issue of joinder has been considered and
28   determined to be proper at the pleading stage.

United States District Court
Northern District of California

1    case are "not relevant to the issue of whether the subpoena is valid and enforceable."). While

2    Plaintiff's allegations ultimately may prove untrue, Plaintiff has alleged sufficient facts to support a

3    prima facie case of Defendant's copyright infringement. That Defendant intends to challenge those

4    allegations is not a ground for, in effect, preventing Plaintiff from even pursuing the claims.

5           Similarly, Defendant's assertion that his or her Internet signal was not secure at the time of the

6    alleged infringement goes to the merits of the case and is not a basis for this Court to quash the

7    subpoena.

8         **D.  Undue Burden**

9           Defendant next argues that the subpoena places an undue burden on him, her, or it; however,

10   the subpoena does not require anything from the Doe Defendant--the subpoena is directed at

11   Defendant's ISP. *See New Sensations, Inc. v. Does 1-1745*, No. 10-5863, 2011 WL 2837610, at *1

12   (N.D. Cal. Jul. 18, 2011) (finding that a subpoena for production of documents could not be quashed

13   under Rule 45(c)(3) because it did not require any obligation from the defendant).

14          Defendant also suggests that the subpoena constitutes an undue burden because Defendant's

15   identity is protected under the California Constitution's right to privacy. As with Defendant's

16   anonymity argument, Defendant's privacy claims are insufficient grounds for quashing the subpoena.

17   Defendants have "little expectation of privacy because they opened their computers to others through

18   peer-to-peer file sharing." *UMG Recordings, Inc. v. Does 1-4*, No. 06-0652, 2006 WL 1343597, at *3

19   (N. D. Cal. Mar. 6, 2006); *John Wiley & Sons, Inc. v. Doe Nos. 1-30*, 284 F.R.D. 185, 191 (S.D.N.Y.

20   2012) ("ISP subscribers have a minimal expectation of privacy in the transmission or distribution of

21   copyrighted material").

22          Finally, Defendant argues the subpoena poses an undue burden because venue is improper in

23   this case. Under the copyright venue provision, venue is proper "in the district in which the defendant

24   or his agent resides or may be found." 28 U.S.C. § 1400(a). Here, Defendant admits to residing in San

25   Jose, California, which is within the jurisdiction of the United States District Court of the Northern

26   District of California, making venue proper as to this Defendant.

27

28

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CONCLUSION**

For the reasons explained above, Defendant has not established that quashing the subpoena to his/her ISP is warranted. The subpoena does not meet any of the circumstances described in Rule 45(c)(3)(A) or (B). The subpoena did not allow for an unreasonable time to comply, require a non-party to travel more than 100 miles, require disclosure of privileged or other protected matter, or subject the Doe Defendants to undue burden. Further, Defendant does not contend that the information subpoenaed is a trade secret or otherwise confidential in nature, and none of the Doe Defendants are required to travel under this subpoena. The subpoena is a request for information from the Doe Defendants' respective ISPs limited to information that would sufficiently identify the Doe Defendants in this action. Accordingly, Defendant's Motion to Quash or Modify the Subpoena is DENIED. (Dkt. Nos. 18; 20.)

As the moving Doe Defendant is unrepresented, Defendant may contact the Federal Legal Assistance Self-Help Center, 280 South First Street, 4th Floor, Room 4093 and 4095, San Jose California, (408) 297-1480 (telephone) for assistance regarding his/her claim.

This Order disposes of Docket Nos. 18 and 20.[3]

**IT IS SO ORDERED.**

Dated: December 12, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

---

[3] Docket Nos. 18 and 20 are duplicates of the same motion filed by Doe Defendant at IP address 70.143.79.91.

8