IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AXEL BRAUN,<br><br>          Plaintiff,<br><br>   v.<br><br>PRIMARY DISTRIBUTOR DOE NUMBER 1 AND DEFENDANT DOES 2 THROUGH 69,<br><br>          Defendants. | Case No.: 12-3690 YGR (JSC)<br><br>**ORDER GRANTING DOE Y'S MOTION FOR A PROTECTIVE ORDER IN PART, DENYING REQUEST TO VACATE EARLY DISCOVERY ORDER, AND REPORT AND RECOMMENDATION TO DENY DOE Y'S MOTION TO DISMISS (Dkt. No. 19)** |

Plaintiff Axel Braun ("Braun") sued 69 Doe Defendants for copyright infringement. Pursuant to Court order, Plaintiff served subpoenas on several Internet Service Providers ("ISPs") seeking identifying information about certain subscribers who, according to Plaintiff's allegations, used their Internet access to violate Plaintiff's copyright. One of the subscribers, without identifying him, her, or itself, has filed a Motion to Dismiss for Misjoinder and/or for a Protective Order ("Motion"). (Dkt. No. 19.) For the reasons explained below, Doe Y's Motion for a Protective Order is GRANTED in part and the Court RECOMMENDS that the Motion to Dismiss be DENIED.

# BACKGROUND

Plaintiff is an individual doing business as Axel Braun Productions, which produces adult entertainment products. (Dkt. No. 1 at ¶¶ 9-10.) Plaintiff is the co-producer and co-claimant of the copyright for the contested motion picture: *Star Wars XXX: A Porn Parody* (the "Motion Picture"). (Dkt. No. 1 at ¶ 32.) This film was registered by Plaintiff with the Copyright Office and assigned the registration number PA 1-787-699. (Dkt. No. 1 at ¶ 32.)

Plaintiff alleges that Primary Distributor Doe Number 1 and Does 2 through 69 (collectively "Defendants") used BitTorrent, an Internet peer-to-peer ("P2P") file sharing network, to illegally reproduce and distribute Plaintiff's copyrighted work in violation of the Copyright Act, 17 U.S.C. § 101 et seq. (Dkt. No. 1 at ¶¶ 33-34.) Plaintiff further alleges that by using the BitTorrent program to download and distribute Plaintiff's content, Primary Distributor Doe Number 1 engaged in contributory infringement, and all Defendants are jointly and severally liable for Plaintiff's injuries. (Dkt. No. 1 at ¶¶ 44-45.)

Plaintiff engaged the services of Media Protector International GmbH ("MPI"), a company specializing in P2P content detection and user identification, to locate and document the alleged infringing copies of his copyrighted Motion Picture on BitTorrent networks. (Dkt. No. 4, p. 7:4-9.) MPI was able to identify and document IP addresses from which individuals connected to the Internet, as well as the date and time the individuals used the IP addresses to share files on the P2P network. (Dkt. No. 4, p. 11:1-12.) Because the Defendants' conduct occurred behind the mask of their anonymous IP addresses, Plaintiff could not identify the Defendants without leave to subpoena Defendants' ISPs for the identity of the individual or entity related to each IP address. Plaintiff thus filed an *ex parte* Application for Leave to Take Early Discovery ("Application") with this Court on July 20, 2012, pursuant to Rule 26(d). Plaintiff sought leave to serve Rule 45 third-party subpoenas on the Does 1-69's ISPs so as to uncover the identities of the Doe Defendants. (Dkt. No. 4.)

This Court granted Plaintiff's Application on August 21, 2012, finding that there was good cause in permitting early discovery to uncover the identities of the Doe Defendants (Dkt. No. 7.) The order gave the ISPs 20 days from the date of service upon it to serve Does 1-69 with a copy of the subpoena and a copy of the order. (Dkt. No. 7, p. 7:23-24.) Does 1-69 had 30 days from the date of

service upon him, her, or it, to file any motions in this Court contesting the subpoena. (Dkt. No. 7, p. 7:27-28.) Doe Y subsequently filed the underlying motion and seeks to dismiss the case on the basis of improper joinder, as well as to prevent his, her, or its identity from being revealed until each Doe Defendant is sued individually. (Dkt. No. 19.) Plaintiff filed an Opposition, but Doe Y did not file a Reply.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party may discover any matter relevant to a claim or defense. Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad and "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Upon a motion for a protective order and a showing of good cause, the court may limit the scope of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). The party or person seeking to limit discovery through a protective order has the burden of showing good cause. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). The burden cannot be met by conclusory statements; the moving party must show "a particular and specific need for a protective order." *Hard Drive Productions, Inc. v. Does 1-118*, No. 11-01567, 2011 WL 5416193, at *2 (N.D. Cal. Nov. 8, 2011). "Even where 'good cause' is established, a court should balance the interests in allowing discovery against the relative burdens that would be imposed." *Id.*

## DISCUSSION

Doe Y challenges Plaintiff's subpoena on three grounds. First, Doe Y argues that the 69 Doe Defendants in this action are improperly joined because joinder is based on entirely disparate alleged acts. Second, Doe Y argues that the Court should issue a protective order to protect the identities of the Doe Defendants. Last, Doe Y requests that the Court vacate its prior order granting Plaintiff leave to take early discovery.

**A. Motion to Dismiss for Improper Joinder**

Doe Y insists that this Court should dismiss Plaintiff's Complaint because the 69 Doe Defendants in this action are improperly joined. However, improper joinder is not a basis for

dismissing an action, but rather is a ground to sever the claims and/or the parties. Fed. R. Civ. P. 21. Moreover, the Court already considered the joinder issue. In granting Plaintiff leave to take early discovery, the Court concluded that Plaintiff has made a prima facie showing that the Doe Defendants are properly joined. (Dkt. No. 7, p. 6:1-2.) The Court might find, as the case progresses, that the Doe Defendants are improperly joined; however, at this stage in the litigation, the Court declines to reconsider its determination that joinder is proper. As the motion to dismiss is based entirely on the improper joinder argument, the Court recommends that the motion to dismiss be denied.

### B. Protective Order

Doe Y seeks a protective order "to protect the Doe identities until a proper suit is filed." Although it is not entirely clear what Doe Y seeks, it appears Doe Y is asking that Doe Y's identity be concealed from Plaintiff until Plaintiff names Doe Y as a defendant in case other defendants are not joined. As support of this argument, Doe Y relies on *Does 1 thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1062 (9th Cir. 2000), an action under the Fair Labor Standards Act ("FLSA"). There the plaintiffs filed their suit pseudonymously, fearing that revealing their identities would result in their termination, deportation, and subsequent arrest and imprisonment upon arrival in China. *Id.* The court held that in a collective FLSA action, the identities of the plaintiffs can be concealed if the plaintiffs can show an objectively reasonable fear of severe retaliation, at least until the trial court order notice to class members and potential class members have been given an opportunity to opt in to the lawsuit. *Id.* at 1063.

Here, Doe Y makes a cursory argument that the alleged illegal download of adult entertainment is a matter of a sensitive and highly personal nature which warrants a protective order to conceal the identities of the Doe Defendants. (Dkt. No. 19, p. 4.) Doe Y also asserts that a protective order is appropriate because the Doe Defendants may be innocent third-parties (notably Doe Y does not argue that he/she is in fact an innocent third-party).[1] Doe Y's argument falls far short of the strong showing required of a party seeking a protective order. Moreover, if Doe Y's identity is

---

[1] Plaintiff represents that he will not name Doe Y as a defendant if Doe Y can demonstrate that he or she did not in fact infringe. (Dkt. No. 25, p. 9:3-7.) The burden, however, is on Plaintiff to prove infringement and under Federal Rule of Civil Procedure 11 Plaintiff and his counsel should not name Doe Y as a defendant if Plaintiff does not in good faith believe that he can prove Doe Y infringed.

4

ordered concealed from Plaintiff, the order will effectively end the lawsuit. In *Advanced Textile Corp.*, in contrast, the lawsuit could proceed without the named plaintiffs more particularly identifying themselves.

The Court nonetheless recognizes that given the embarrassing nature of the allegations in this case, there may be a basis for requiring Plaintiff to treat Doe Y's identity as confidential, at least initially. *See, e.g., IO Grp. v. J.W.*, No. 10-5821, 2011 WL 237673, at *2 (N.D. Cal. Jan. 24, 2011) (finding that although the defendant did not present specific facts showing good cause for a protective order, the doe's identity should remain confidential until after he/she had the opportunity to file a motion to proceed anonymously). Courts within this District have found that an allegation that an individual illegally downloaded adult entertainment may relate to matters of a sensitive and highly personal nature, including one's sexuality. *See, e.g., Hard Drive Productions v. Does 1-33*, No. 11-3827, 2011 WL 5325530, at *4 (N.D. Cal. Nov. 3, 2011); *Digital Sin, Inc. v. Does 1-5698*, No. 11-4397, 2011 WL 5362068, at *4 (N.D. Cal. Nov. 4, 2011); *Third Degree Films v. Does 1-3577*, No. 11-2768, 2011 WL 5374569, at *4 (N.D. Cal. Nov. 4, 2011); *Quad Int'l, Inc. v. Doe*, 12-5433, 2012 WL 5868966, at *3 (N.D. Cal. Nov. 19, 2012).

Plaintiff has offered to stipulate to a court order that prevents the release of Doe Y's identifiable information unless and until Plaintiff names Doe Y as a Defendant. (Dkt. No. 25, p. 10:7-13.) This offer, however, does not alleviate the unfair leverage Plaintiff may obtain in any pre-suit settlement negotiations by threatening to name Doe Y—and thus publicly identify Doe Y—in the action. In such circumstances, even if Doe Y is innocent, Doe Y may feel coerced into a settlement to avoid being publicly associated with Plaintiff's product. Accordingly, the Court will order Plaintiff to treat Doe Y's identity as confidential until Doe Y is named as a Defendant, served with the Complaint, and has the opportunity to file a properly supported motion to be permitted to proceed in this litigation anonymously. Such motion to proceed anonymously must be filed before or simultaneously with any answer or other responsive pleading.

### C. Request to Vacate Early Discovery Order

Lastly, the Court has considered Doe Y's argument that this Court should vacate the early discovery order based on improper joinder. Doe Y argues that the Court should adopt a four-factor

test set forth in a case from the Central District of California. (Dkt. No. 19 citing *Patrick Collins, Inc. v. John Does* 1-10, No. 12-052668 (C.D. Cal. 2012).) Notably, this is the very same four factor test the Court did apply in granting Plaintiff's motion for early discovery. (Dkt. No. 7.) Accordingly, Doe Y's request that the Court vacate the early discovery order is denied.

## CONCLUSION

For the reasons explained above, Doe Y's Motion for a Protective Order is GRANTED in part, Doe Y's request to vacate the early discovery order is DENIED, and the Court RECOMMENDS that the Motion to Dismiss be DENIED. Plaintiff shall treat Doe Y's identity as confidential until Doe Y is named as a Defendant, served with the Complaint, and has the opportunity to file a motion to be permitted to proceed in this litigation anonymously. Such motion to proceed anonymously must be filed before or simultaneously with any answer or other responsive pleading.

The presiding district court judge referred all discovery matters to the undersigned. (Dkt. No. 5.) Because a portion of Doe Y's motion seeks dismissal and is therefore potentially dispositive, the Court makes a report and recommendation regarding the motion to dismiss.

This Order disposes of Docket No. 19.

**IT IS SO ORDERED.**

Dated: December 18, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE