D. GILL SPERLEIN (SBN 172887)
THE LAW OFFICE OF D. GILL SPERLEIN
345 Grove Street
San Francisco, California  94102
Telephone: (415) 404-6615
Facsimile: (415) 404-6616
gill@sperleinlaw.com

Attorney for Plaintiff Axel Braun

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | |
|---|---|
| AXEL BRAUN, <br><br> Plaintiff, <br><br> vs. <br><br> NABIL AMIRI, CLARANCE BATTS, HUU THANH TRAN, HAROLD HOUSHMAND, and WAYNE MARSH, <br><br> Defendants. | CASE NO.: C-12-3690 YGR (JSC) <br><br> **FIRST AMENDED COMPLAINT:** <br><br> **(1) COPYRIGHT INFRINGEMENT; and** <br><br> **(2) CONTRIBUTORY COPYRIGHT INFRINGEMENT** <br><br> **DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

1.  This is an action by AXEL BRAUN who does business as Axel Braun Productions, to recover damages arising from Defendants' infringement of his movie, *Star Wars XXX: A Porn Parody*, and to enjoin Defendants from future infringement.

-1-

2. Plaintiff's investigators recorded a direct infringer who using bit torrent technology, began distributing illegally reproduced portions of Plaintiff's movie at least as early as 9:55 a.m. on April 1, 2012 and continued to do so until at least 10:13 p.m. on April 2, 2012.

3. During those thirty-six hours, that infringer made pieces of Plaintiff's movie available to at least sixty-eight other individuals who during the same time frame accessed the Internet from other Internet protocol (IP) addresses located within the state of California. Plaintiff previously identified those individuals as DEFENDANT DOES 2 through 69.

4. Plaintiff has entered settlement agreements with a number of the other infringers. In other cases, despite plaintiff's investigation, he was unable to identify the actual infringers. Plaintiff has elected proceed against five individual previously identified as Does 33, 50, 60, 63, and 65.

5. This case is related to the following civil matters, *Axel Brun v. Primary Distributor Doe Number 1 and Defendant Does 2 through 155*, 12-4102 YGR (JSC) - Voluntarily Dismissed without Prejudice; *Axel Braun v. Than Pham*, 12-4103 YGR (JSC); *Axel Brun v. Primary Distributor Doe Number 1 and Defendant Does 2 through 92*, 12-4104 YGR (JSC) - Voluntarily Dismissed without Prejudice; and *Axel Braun v. Benny Yu*, 12-4105 YGR (JSC).

## JURISDICTION

6. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 17 U.S.C. §§ 101, *et. seq.,* and 28 U.S.C. §§ 1331 and 1338(a).

7. Plaintiff is informed and believes and based thereon alleges that Defendants reside in this jurisdiction.

8. In response to subpoenas authorized by this Court, various Internet service providers (ISPs) identified the service address for the Internet Protocol (IP) addresses used to access the Internet and engage in the infringing content as being within this jurisdictional district.

## VENUE

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1400(a). As this is a copyright infringement action, venue is allowed in any judicial district in which a Defendant resides or may be found. Plaintiff is informed and believes and based thereon alleges that each Defendant resides in this jurisdictional district.

## INTRA DISTRICT ASSIGNMENT

10. As this an intellectual property action, it is subject to District wide assignment pursuant to Local Rule 3-2(c). The Clerk of the Court previously assigned this action to the Oakland division.

## THE PARTIES
### THE PLAINTIFF

11. AXEL BRAUN is an individual doing business as Axel Braun Productions with his principal place of business located in Porter Ranch, California.

12. AXEL BRAUN produces, directs, markets, and distributes adult entertainment products, including Internet website content, videos, DVDs, photographs, etc.

### THE DEFENDANTS

13. Defendants NABIL AMIRI, CLARANCE BATTS, HUU THANH TRAN, HAROLD HOUSHMAND, and WAYNE MARSH, each reside in this jurisdictional district. Plaintiff is informed and believes and based thereon alleges that each of the Defendants participated in the bit

torrent swarm reproducing and distributing the HASH file identified as B420335EDBF1786C6A0FDC567C4EE9920911847B with contained a complete copy of Plaintiff's copyright registered work *Star Wars XXX: A Porn Parody*.

## FACTS COMMON TO ALL CLAIMS

14. Technological advances have made it increasingly possible to transfer large amounts of data, including digital video files, by and through the Internet.

15. BitTorrent is a peer-to-peer file sharing protocol used for distributing and sharing data on the Internet, including motion pictures. Rather than downloading a file from a single source, the BitTorrent protocol breaks files into many small pieces and allows users to join a group of hosts (or "swarm") to download and upload those pieces from each other simultaneously.

16. First, a user navigates to a BitTorrent tracking website. The user cannot download the file from this website, rather the user downloads a tracker file that will keep track of all the other peers that are exchanging pieces of the file.

17. The downloaded tracker file contains a unique hash code known as an SHA-1 HASH – a unique identifier generated by a mathematical algorithm developed by the National Security Agency. This hash serves as a roadmap to a BitTorrent program to locate and download all the pieces of a file such as a motion picture or music file.

18. It is helpful to think of the process of transferring files using BitTorrent technology in the context of a constructed puzzle. In furtherance of sharing this puzzle, it is deconstructed into tiny pieces. These pieces are then distributed among one or more peers participating in a swarm. Once a peer identifies a file he wants to download, the Network locates all the peers currently on line and offering for distribution the identical file (cut in the same pieces) as identified by the unique HASH ID. The technology, in conjunction with software residing on tracking servers, is capable of

locating all the unique corresponding pieces that make up the original file. The software then downloads pieces of the file from various peers, always seeking the pieces that will download the fastest. Once all the pieces are located and downloaded, the software places the pieces into the original order thereby reconstructing the entire original file.

19. When users possess the same infringing file as identified by the unique hash value (as in this case), it is because each infringer possesses an exact digital copy containing the exact pieces unique to that file. Returning to the puzzle analogy, other puzzles may be created out of the same motion picture, but those pieces will not fit together with the pieces from a differently cut puzzle, even if made from the same motion picture. Only pieces from the puzzle identified by the unique hash ID will fit together. Thus, the BitTorrent users rely on other users that are working with the same version of the puzzle *at the same time*.

20. The user places the torrent file into a BitTorrent program on their computer, also known as a BitTorrent "client" application. This program connects uploaders (seeders) of the file (i.e. those that are distributing the content) with downloaders of the file (i.e. those who are copying the content). During this process, the torrent tracker directs the BitTorrent user's computer to other users who have an exact copy of the file, and then facilitates the download process from those users.

21. In this instance, a Primary Infringer served as an uploader of pieces of the file, during the exact time that each of the five named Defendants participated in the swarm and reproduced, distributed, and exchanged pieces of the file.

22. Files obtained by this method are downloaded in hundreds of individual pieces (bits). In turn, each downloaded piece is immediately available for distribution to other users seeking the same file. The effect of this technology makes every downloader also an uploader of the content.

-5-

FIRST AMENDED COMPLAINT
C-12-3690 YGR (JSC)

1  This means that every user who has a copy of the infringing material on a torrent network also serves
2  as a source for others to download that material.

3      23.    The total number of users participating in a swarm at a given time increases the overall
4  speed and efficiency at which all the other swarm members can download the entire file.  Thus, each
5  user relies on the other swarm members for not only specific bits and pieces of the audiovisual file he
6  exchanges to or from specific users, but also he relies on *all* the other peers participating in the swarm
7  at that time to increase the speed at which he or she is able to download the file.

8      24.    Plaintiff's investigators recorded that an individual accessing the Internet from an
account assigned to NABIL AMIRI, participated in the swarm sharing HASH file
B420335EDBF1786C6A0FDC567C4EE9920911847B on April 2, 2012 at 1:34 a.m. GMT.  Plaintiff
is informed and believes and based thereon alleges that NABIL AMIRI reproduced and distributed
Plaintiff's copyright registered work by participating in the swarm sharing HASH file
B420335EDBF1786C6A0FDC567C4EE9920911847B on April 2, 2012 at 1:34 a.m. GMT.

    25.    Plaintiff's investigators recorded that an individual accessing the Internet from an
account assigned to CLARANCE BATTS, participated in the swarm sharing HASH file
B420335EDBF1786C6A0FDC567C4EE9920911847B on April 2, 2012 at 10:46 a.m. GMT.
Plaintiff is informed and believes and based thereon alleges that CLARANCE BATTS reproduced
and distributed Plaintiff's copyright registered work by participating in the swarm sharing HASH file
B420335EDBF1786C6A0FDC567C4EE9920911847B on April 2, 2012 at 10:46 a.m. GMT.

    26.    Plaintiff's investigators recorded that an individual accessing the Internet from an
account assigned to HUU THANH TRAN, participated in the swarm sharing HASH file
B420335EDBF1786C6A0FDC567C4EE9920911847B on April 2, 2012 at 4:37 p.m.. GMT.  Plaintiff
is informed and believes and based thereon alleges that HUU THANH TRAN reproduced and

distributed Plaintiff's copyright registered work by participating in the swarm sharing HASH file B420335EDBF1786C6A0FDC567C4EE9920911847B on April 2, 2012 at 4:37:pm. GMT.

27. Plaintiff's investigators recorded that an individual accessing the Internet from an account assigned to HAROLD HOUSHMAND, participated in the swarm sharing HASH file B420335EDBF1786C6A0FDC567C4EE9920911847B on April 2, 2012 at 7:02 p.m. GMT. Plaintiff is informed and believes and based thereon alleges that HAROLD HOUSHMAND reproduced and distributed Plaintiff's copyright registered work by participating in the swarm sharing HASH file B420335EDBF1786C6A0FDC567C4EE9920911847B on April 2, 2012 at 7:02p.m. GMT.

28. Plaintiff's investigators recorded that an individual accessing the Internet from an account assigned to WAYNE MARSH participated in the swarm sharing HASH file B420335EDBF1786C6A0FDC567C4EE9920911847B on April 2, 2012 at 7:09 p.m. GMT. Plaintiff is informed and believes and based thereon alleges that WAYNE MARSH reproduced and distributed Plaintiff's copyright registered work by participating in the swarm sharing HASH file B420335EDBF1786C6A0FDC567C4EE9920911847B on April 2, 2012 at 7:09 p.m. GMT.

**FIRST CLAIM**
**COPYRIGHT INFRINGEMENT – 17 U.S.C. §501**
<u>Plaintiff Owns a Federally Registered Copyright of the Infringed Movie</u>

29. Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

30. At all times relevant hereto, Plaintiff has been the co-producer and co-claimant of the copyrights in the motion picture, *Star Wars XXX: A Porn Parody*. AXEL BRAUN has registered the copyright for the motion picture with the United States Copyright Office, and the U.S. Copyright Office assigned the work the registration number PA 1-397-097, Supplement to PA 1-787-699.

<u>Defendants Willfully Infringed Plaintiff's Registered Copyrights</u>

31. DEFENDANTS, without authorization, reproduced and further distributed Plaintiff's copyright registered motion picture by and through the Internet using BitTorrent technology.

32. Defendants knew or should have known that they were not authorized to reproduce or distribute Plaintiff's motion picture.

## SECOND CLAIM
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

33. Plaintiff repeats and incorporates by this reference the allegations set forth in all previous paragraphs.

34. Defendants directly infringed Plaintiff's copyrights by reproducing and distributing Plaintiff's movie with authorization as set forth above.

35. Defendants materially contributed to the direct infringement of each of the other Defendants by providing pieces of Plaintiff's copyright registered work to those Defendants and/or by allowing those Defendants to download the infringing copies from other peers more quickly and more efficiently by adding to the overall efficiency of the swarm during the time in question.

36. Defendants knew they were infringing Plaintiff's copyright and knew the other swarm participates, including the other Defendants, also were infringing Plaintiff's motion picture.

37. Each of the peers who illegally downloaded Plaintiff's work derived portions of their illegal replication of the file from multiple peers including the other Defendants. At the same time, each Defendant offered pieces of the file to help other peers, including the remaining Defendants, replicate and compile new copies of the file.

38. Each Defendant assisted other members of the swarm, by either exchanging pieces with that user directly or by providing an alternative source for peers thereby making the swarm work

-8-

more efficiently and increasing the speed in which each other Defendants were able to download the entire audiovisual file.

39. The Defendants were conscious of their own infringement and of the fact that multiple other persons downloaded from them the file containing Plaintiff's Motion Picture.

40. The infringement by other BitTorrent users could not have occurred but for the Defendants' participation and the participation of others. As such, the Defendants' participation in the infringing activities of others is substantial.

41. Each Defendant is contributory liable for the infringing acts of the other Defendants.

42. Each Defendant is jointly and severally liable for the harm Plaintiff suffered as a result of the Defendants' contribution in the infringement of its copyright registered work including the continuing nearly limitless distribution of the file across the Internet.

## JURY DEMAND

43. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable by a jury in this action.

## PRAYER

WHEREFORE, Plaintiff AXEL BRAUN respectfully requests judgment as follows:

1) That the Court enter a judgment against all Defendants that they have: a) willfully infringed Plaintiff's rights in federally registered copyrights under 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by all Defendants' acts and conduct set forth in this Complaint.

2) That the Court issue injunctive relief against all Defendants, and that all Defendants, their agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with them, be enjoined and restrained from copying, posting or making

any other infringing use or infringing distribution of audiovisual works, photographs or other materials owned by or registered to Plaintiff;

3)  That the Court enter an order of impoundment pursuant to 17 U.S.C. §§ 503 and 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

4)  That the Court order all Defendants to pay Plaintiff's general, special, actual and statutory damages as follows: Plaintiff's damages and Defendants' profits pursuant to 17 U.S.C. § 504(b), or in the alternative, enhanced statutory damages in the amount of one hundred fifty thousand dollars ($150,000.00) per infringed work, pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiff's copyrights;

5)  That the Court order all Defendants to pay Plaintiff both the costs of this action and the reasonable attorney's fees incurred by it in prosecuting this action pursuant to 17 U.S.C. § 504; and

6)  That the Court grant to Plaintiff such other and additional relief as is just and proper.

Dated:  May 6, 2013                          Respectfully submitted,

                                             */s/ D. Gill Sperlein*

                                             _____
                                             D. GILL SPERLEIN
                                             THE LAW OFFICE OF D. GILL SPERLEIN
                                             Attorney for Plaintiff, AXEL BRAUN